## TERRY v. WEBSTER.

(Court of Appeals of District of Columbia.
Submitted November 7, 1925. Decided
April 5, 1926.)

No. 1785.

1. Patents ⬤➡107—Commissioner of Patents
has exclusive authority to revive abandoned
application, and revivor cannot be collaterally
attacked in interference proceeding (Rev. St.
§ 4894 [Comp. St. § 9438]).

Under Rev. St. § 4894 (Comp. St. § 9438),
Commissioner of Patents has exclusive power
to revive an abandoned application, and his
revivor is conclusive and binding on Examiner
of Interferences and Board of Examiners in
Chief, and cannot be collaterally attacked in
interference proceeding.

2. Patents ⬤➡107—Commissioner of Patents,
on appeal in interference proceeding, has no
power to vacate prior order reviving aban-
doned application (Rev. St. § 4894 [Comp. St.
§ 9438]).

In interference proceeding, after revivor of
an abandoned application by the Commission-
er of Patents, under Rev. St. § 4894 (Comp.
St. § 9438), Commissioner, on appeal from de-
cision of Examiner of Interferences and Board
of Examiners in Chief, has no power to vacate
his prior order of revivor.

Appeal from Commissioner of Patents.

Interference proceeding between Joseph
T. Terry and Milton F. Webster. From a
decision of the Commissioner of Patents,
awarding priority to the latter on the ground
that the former's application had been im-
properly revived, the former appeals. Re-
versed.

Melville Church and H. P. Brown, both
of Washington, D. C., and T. H. Sheridan,
of Chicago, Ill., for appellant.

Archibald Cox and H. A. English, both of
New York City, and W. G. Henderson, of
Washington, D. C., for appellee.

Before MARTIN, Chief Justice, ROBB,
Associate Justice, and SMITH, Judge of the
United States Court of Customs Appeals.

SMITH, Acting Associate Justice. Jo-
seph T. Terry, in October, 1914, applied to
the Patent Office for letters patent to a
process for the extraction of copper from its
ores. On December 30, 1916, Martin F.
Webster filed an application in which he
prayed for a patent to substantially the same
process as that applied for by Terry. Terry
failed to prosecute his application for a
patent for more than a year after notice of
official action thereon, and in consequence his
application stood abandoned by operation
of law until it was shown to the satisfaction

of the Commissioner of Patents that his de-
lay was unavoidable. Section 4894, Revised
Statutes (Comp. St. § 9438).

On September 3, 1921, the Metal Re-
covery Company, assignee of the rights ac-
cruing or to accrue under Terry's applica-
tion, filed a petition in the Patent Office, in
which petition the company set forth the
reasons for the delay in prosecuting Terry's
claim. The petition prayed that Terry's
application for a patent be revived by the
Commissioner, and that an amendment to the
application filed with the petition to revive
should be allowed. The Examiner reported
that no formal objections had been made
to the petition for revival, and that the
amendment filed would render the claims
allowable.

The petition to revive and the evidence
submitted in support thereof satisfied the
First Assistant Commissioner of Patents
that Terry's delay in prosecuting his applica-
tion for a patent was unavoidable, and ac-
cordingly, on September 14, 1921, the Com-
missioner revived the application and al-
lowed the amendment as prayed for in the
petition. By virtue of the revivor the ap-
plication passed from the hands of the Com-
missioner to the tribunals of the Patent Of-
fice charged with the duty of disposing of it
and of determining whether the applicant
was or was not entitled to letters patent.
Accordingly on the 3d day of May, 1922, an
interference was officially declared, and in
consequence thereof the Examiner of Inter-
ferences acquired jurisdiction of the parties
involved and of the subject-matter of the ap-
plication, for the purpose of determining
at first instance whether priority of inven-
tion should be awarded to Terry or Webster,
both of whom claimed substantially the same
invention.

[1] On the 1st of August, 1922, Webster,
by counsel, moved to dissolve the interfer-
ence, on the ground, among others, that Ter-
ry had abandoned his application and the
invention thereby disclosed. The Law Ex-
aminer denied the motion to dissolve, and
the Examiner of Interferences very proper-
ly held that the revivor of the application
could not be collaterally attacked in an in-
terference proceeding, and awarded priority
to Terry on the ground that he had the
earlier filing date, the legal effect of which
was not overcome by Webster. On appeal,
the decision of the Examiner of Interfer-
ences was affirmed by the Board of Exam-
iners in Chief.

Section 4894 of the Revised Statutes, as

amended, confers on the Commissioner of Patents the exclusive power to revive an abandoned application, and his ruling in that behalf is conclusive and absolutely binding on the Examiner of Interferences and the Board of Examiners in Chief. Billings v. Field, 36 App. D. C. 16, 21. From the decision of the Board of Examiners in Chief an appeal was taken to the Commissioner, who sustained the Board as to Terry's priority on the merits, but held that the application had been improperly revived, and that priority should therefore be awarded to Webster. [2] As the Examiner of Interferences and the Board of Examiners in Chief had no authority whatever to review the action of the Commissioner in reviving the application of Terry, they were wholly without jurisdiction to entertain and decide on the merits a motion which was designed to accomplish that result. Whether or not Terry's application had been abandoned was finally determined in Terry's favor, and the Commissioner had no right otherwise to determine that question in a proceeding in which his original decision as to abandonment had to be accepted as final and could not be collaterally attacked. Whether the Commissioner could have set aside his order reviving Terry's application before an interference was declared, and before the judicial tribunals of the Patent Office had lawfully assumed jurisdiction of the parties involved and of the subject-matter, we are not called upon to decide. We are certain, however, that after an interference was declared the Commissioner had no power to vacate his order of revivor, thereby determining a matter which was not in issue and could not be put in issue in an interference proceeding. The Commissioner had no more power to set aside his order of revivor in an interference proceeding than had the Examiner of Interference or the Board of Examiners in Chief.

The Commissioner had the power to revive the application, but he had no power to kill it after it had been revived and transmitted to the appropriate officials of the Patent Office to be dealt with as prescribed by law. While he had jurisdiction to pass upon the issues legally involved or presented in the interference proceeding, he erred in reversing the Board for respecting his order and entertaining an application which the revivor made it the imperative duty of the judicial tribunals of the Patent Office to hear and decide.

The decision of the Commissioner is reversed.