PANGBORN CORPORATION v. AMERI-
CAN FOUNDRY EQUIPMENT CO.
(two cases).

Nos. 9419, 9485.

United States Court of Appeals
Third Circuit.

Argued May 17, 1948.

Decided Sept. 28, 1948.

---

340

William F. Hall, of Washington, D. C., and E. Ennalls Berl, of Wilmington, Del., for plaintiff.

Hugh M. Morris, of Wilmington, Del. (Albert M. Austin, of New York City, on the brief), for appellee.

Before BIGGS, Chief Judge, and Mc-LAUGHLIN and KALODNER, . Circuit Judges.

BIGGS, Chief Judge.

This is the second time the instant litigation has been before us. We think that an understanding of the points essential to the disposition of the appeals at bar will be aided by an examination of our opinion on the former appeals, 159 F.2d 88. What we said there need not be repeated here. It is sufficient to state that we decided that because no cause of action had been set out by either Pangborn or American, Pangborn by its complaint as amended or American by its amended and supplemental counterclaim, two orders of the court below, one filed on May 31, the other, on July 5, 1945, should be set aside. 159 F.2d at page 102. The first order deprived Pangborn of any claim or cause of action against American based on Pangborn's Patent No. 2,352,588. The second order adjudicated William F. Hall, Esquire, admitted pro hac vice to prosecute Pangborn's suit in the court below, guilty of contempt and imposed a penalty upon him. At that time we did not have the merits of the litigation before us for adjudication but made our determination of no causes of action because we believed it essential to the disposition of the questions raised by the orders of May 31 and July 5, 1945, appealed from. Cf. United States v. United Mine Workers of America, 330 U.S. 258, 67 S.Ct. 677, 91 L.Ed. 884.

On May 15, 1944 Pangborn filed a motion for leave to amend its amended complaint. The fact isolated in the foregoing sentence will be referred to again at a later point in this opinion. On August 21, 1944 American made a motion for leave to file an amendment and supplement to its original counterclaim. Pangborn on the same day filed notice of opposition. On the same day the trial court made an order fixing September 6, 1944 for a hearing on this motion. On September 6 to 8, 1944 there was a hearing on American's petition that Pangborn and Mr. Hall be adjudged in contempt and it does not appear that on September 6, 1944 any hearing was had on American's motion to supplement and amend the counterclaim. The matter is of no great consequence, however, because on January 2, 1945 American made a motion to withdraw its counterclaim as supplemented (if it was filed [1] pursuant to an

---

[1] It is clear that whether or not it was filed pursuant to an order of the court it is in fact among the papers filed in the case and that a copy of it was served upon Pangborn. We can find no order authorizing the filing of this pleading. See Federal Rules of Civil Procedure, rule 15(a), 28 U.S.C.A.

order of the court) and to file another amendment and supplement to the counterclaim. On May 3, 1945 the trial judge entered an order granting leave to American to file the amendment and supplement to the counterclaim offered on January 2, 1945. The case came to us on June 28, 1945 on the appeal of Pangborn and on July 25, 1945 on the appeal of Hall. On August 13, 1946, pursuant to the authority granted by the trial court on May 3, 1945, American filed the amendment and supplement to its counterclaim. We pass by the point that the jurisdiction of the court below perhaps did not go so far as to authorize it to file the counterclaim while the appeals were pending because that is of no consequence insofar as it relates to the instant appeals. We will treat the amendment and supplement to the counterclaim, as did the court below, as having been properly filed on the day stated. Our decision was handed down on August 12, 1946 and the opinion was amended on denial of rehearing on November 16, 1946. The cause was then remanded under our decrees and mandates. On January 3, 1947 American moved for leave to amend and to serve another pleading amending and supplementing its counterclaim as theretofore amended and supplemented.

On January 17, 1947 the trial court entered orders on the mandates of this court, and on May 15, 1947, after hearing extensive arguments, decided,[2] in accordance with the views expressed by this court in its opinion, that no cause of action was stated by the complaint as amended or the counterclaim as amended (the amendment attempted to be effected by the defendant's motion of January 3, 1947 aside). By the attempted amendment of the counterclaim under its motion of January 3, 1947, American sought a declaratory judgment that Patent No. 2,352,588 (issued to Pangborn on June 27, 1944, which issuance had formed the basis for the contempt proceeding) was invalid and void. In other words American by its attempted amendment and supplement of January 3, 1947 put aside all contentions asserted by it in the prior counterclaims and amendments and simply sought relief under the Declaratory Judgments Act, 28 U.S.C.A. §§ 2201, 2202.

In regard to the last attempt of American to amend its counterclaim and in respect to the disposition of the suit the court below by an opinion filed on May 15, 1947 stated in pertinent part as follows: "Patent 2,352,588 was not issued until June 27, 1944, long after this litigation was begun. Nothing concerning it was available either as a compulsory or a permissive counter-claim at that time, obviously, for the patent did not exist. Pangborn is not subject to suit in this District, except in so far as the fact that it started an action as plaintiff here subjects it to cross-claim by its opponent. But the action now proposed to be taken by the Court ends its participation as plaintiff. It does not seem fair nor expedient to hold it longer to defend a claim against it growing out of facts which arose a long time after the circumstances on which the original claim was based had occurred. It seems to the Court, therefore, that the best way to help bring this litigation to a termination and give the parties a chance to present their claims in the matter for final adjudication, through appeal if they choose, is as follows: 1. Dismiss the complaint and the counter-claim. Such an order will give the parties an opportunity to test this Court's interpretation of the Circuit Court's decision of August 12, 1946 if they so desire. 2. Vacate any and all injunctive orders which enjoin the prosecution of any interference proceedings in the Patent Office. 3. Deny the motion to file subsequent amendments to the counter-claim. The effect of such orders will be to terminate the litigation in this Court. If American wishes to present a case asking for what is, in effect, a declaratory judgment against Pangborn, it is then free to do so in whatever District Pangborn is subject to suit. This drastic judicial surgery, it is believed, will enable the parties, if they choose, to present a question for litigation separated from the welter of claims, counter-claims, injunctions and motions

---

[2] No opinion for publication.

which have rendered the issues between them too clouded to be susceptible of clarification."

An order effecting the rulings of the opinion was entered by the court below on May 15, 1947. American at our No. 9419, appealed from the order insofar as it denied American leave to amend its amended and supplemental counterclaim and dismissed the amendment and supplement to that counterclaim which had been filed, as we have said, on August 13, 1946 pursuant to the order of the court below of May 3, 1945 granting American leave. Since the state of the pleading is very involved we say by way of attempted further clarification that American has appealed from the order of the court of May 15, 1947 denying it leave to amend and supplement its amended and supplemental counterclaim (covered by American's motion of January 3, 1947) and from the order dismissing the amended and supplemental counterclaim as filed on August 13, 1946 pursuant to the order of May 3, 1945.

A further complication in the pleadings ensued for on May 27, 1947 Pangborn by motion pointed out that there was still pending its motion filed on May 15,[3] 1944 for leave to amend its amended complaint and asking the court to allow it *nunc pro tunc* as of May 15, 1947. See the first sentence of the second paragraph of this opinion. The court below on the same day entered an order nunc pro tunc as of May 15, 1947 denying Pangborn's motion for leave to amend its amended complaint. On August 6, 1947 Pangborn appealed from the order of May 15, 1947 dismissing Pangborn's amended complaint and from the order of May 27, 1947 denying *nunc pro tunc* as of May 15, 1947 Pangborn's motion of May 15, 1944 for leave to amend its amended complaint. This appeal is at our No. 9485.

To the end that this court might have all pertinent pleadings before it we entered an order on October 28, 1947 authorizing the court below to entertain a motion by Pangborn for leave to file an answer to American's attempted amendment and supplement to the counterclaim, leave to file which had been denied by the court below by its order of May 15, 1947. See the opinion of the trial judge quoted above. The court below by an order entered January 6, 1948 gave Pangborn leave to file the answer referred to and accordingly it was filed on the same day. By an order of this court of October 28, 1947 it was provided that the clerk of the court below should transmit to the clerk of this court the original papers and documents constituting the entire record and proceedings in the court below including any answer which Pangborn might file to the amendment and supplement to the defendant's counterclaim, all of which should constitute the record on appeal.[4]

Extensive argument was heard by this court on May 17, 1948. Leave was given to the parties to file various additional briefs and memoranda. The last of these was received on or about July 26, 1948. Shortly prior thereto, however, on July 19, 1948, the Commissioner of Patents filed an opinion in respect to Interferences Nos. 74,481 and 75,177.[5] The Commissioner held *inter alia* that the decision in Terry v. Webster, 56 App.D.C. 198, 12 F.2d 139, 1927 C.D. 99, cert. den. 273 U. S. 709, 47 S.Ct. 100, 71 L.Ed. 852, was not controlling upon the Patent Office since the issue of fraud was involved in the designated interferences and that it was therefore proper to investigate the questions raised under the rule to show cause previously issued by the Commissioner why Peik application No. 685,025, filed on August 14, 1943, should not be deemed again to have been abandoned. The Commissioner concluded that the revival of Peik Application No. 685,025 had been procured by fraud on the Patent Office and that

---

[3] The original docket entries (as well as those printed in the appendices) show that the date was May 15, 1944 though the date is referred to in the pleadings and at one point in the order of the court below as May 14, 1944.

[4] The parties had endeavored by a stipulation to bring up portions of the record.

They were unable to agree as to what was or was not covered by the stipulation and to avoid further controversy we took the course indicated by the terms of our order of October 28, 1947.

[5] See our former opinion, 159 F.2d 88, 102; in particular, at pages 89–94.

Peik application No. 708,118 was a continuation in part of No. 685,025. He accordingly vacated the order of the Assistant Commissioner, dated May 21, 1935, reviving the Peik application, held it to be abandoned and *inter alia,* dissolved Interferences Nos. 74,481 and 75,177 as to Peik. See —— C.D. ——. It appears that Peik Patent No. 1,953,566, which issued on S.N. 708,118, which was the basis of American's successful suit against Pittsburgh Forgings Co. in the District Court of the United States for the Western District of Pennsylvania (see American Foundry Equipment Co. v. Pittsburgh Forgings Co., 67 F.Supp. 911, and our opinions in Pittsburgh Forgings Co. v. American Foundry Equipment Co., 3 Cir., 102 F.2d at page 964 and in 159 F.2d at page 88), may be in jeopardy. Concerning this we of course are not in position to express an opinion. But it is clear that Pangborn's pleadings and attempted pleadings in the case at bar, if the decision of the Commissioner stands, are now obsolete.[6]

■ We stated in our prior opinion, 159 F.2d at page 101, "What Pangborn and American both have attempted presently to effect, as a part of their lengthy and acrimonious dispute respecting patent rights, in Civil Action No. 193 is to get out of the Patent Office and into the courts, to have the District Court of Delaware determine questions relating to the issuance of patents confided by statute to the Commissioner of Patents and to the Patent Office. Pangborn has attempted this by its complaint and American thereafter took a similar line in its answer and counterclaim. No cause of action is stated in the complaint and none in the counterclaim. The court below should have dismissed the complaint upon the motion made by American." What we said then is still true of Pangborn's pleadings and attempted pleadings.

Our previous statement is true also in respect to American's pleadings save as to the final amendment and supplement to the counterclaim attempted to be made by American which the court below refused to grant leave to file.

As we have indicated the Commissioner of Patents has now gone far toward granting the relief which Pangborn sought to obtain by its amended complaint. The course which Pangborn should now pursue to obtain the relief which it desires may not be suggested by us for that corporation must proceed as it is advised in the premises. But Pangborn can proceed no further in the case at bar for by the attempted amendment to its complaint as amended it still seeks to have the District Court of Delaware perform the functions of the Patent Office, and also in effect to set aside the decree of the District Court of the United States for the Western District of Pennsylvania in American Foundry Equipment Co. v. Pittsburgh Forgings Co., 67 F.Supp. 911. Pangborn's pleadings prior to the attempted amendment, as we said in our earlier opinion, state no controversy cognizable in the District Court of Delaware.

■ By the attempted amendment and supplement to its counterclaim as amended (that is to say, by the last pleading attempted to be filed by American) American does set forth a justiciable controversy under the Declaratory Judgments Act, 28 U.S. C.A. §§ 2201, 2202. It may not, however, file its proposed amendment and supplement to its amended counterclaim as a matter of right. The allowance of the amendment was one which rested in the sound legal discretion of the court below. See Rule 15 (a). We cannot say that the court below abused its discretion in holding that it would be neither fair nor expedient to retain Pangborn in the suit at bar to defend a patent, No. 2,352,588, which was issued to it more than three years after the original complaint was filed, a patent not connected legally with any cause of action asserted by Pangborn.

The orders appealed from will be affirmed and the cause will be remanded to the end that the court below may enter an order striking out Pangborn's answer to American's attempted amendment and supplement to its counterclaim, a pleading which the court below in fact did not allow American to file.

---

6 On August 25, 1948, the Commissioner denied a petition for reconsideration and clarification of his decision.